**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

LISA RYAN MURPHY,                                                                    PLAINTIFF
ADC #760343

v.                                        1:14CV00067-BSM-JJV

FRYMAN, Correctional Officer,
McPherson Unit, ADC; *et al*.                                               DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.   Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     INTRODUCTION

Plaintiff Lisa Murphy, a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.)  She alleges Defendants Schulz and Rowlett messed up her cell during a search, Defendant Schulz issued a retaliatory disciplinary charge against her, and Defendant Fryman threw her diabetic snack onto an open container of deodorant.  (*Id*. at 6-7.)[1]

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. No.

---

[1]Defendants Faust, Dixon, Ervin, and Weekly were dismissed on August 28, 2014, for failure to state a claim upon which relief may be granted. (Doc. No. 16.)

12), to which Plaintiff has not filed a Response.[2]

## II.     SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

Because Plaintiff failed to respond to Defendant's Motion, the Court finds no dispute

---

[2]On August 26, 2014, this Court provided Plaintiff the opportunity to respond to Defendants' Motion within twenty-one days of the date of the Order.  (Doc. No. 15.)  The Court also notified Plaintiff that if she failed to respond, all of the facts in Defendants' summary judgment pleadings would be deemed admitted by her, pursuant to Local Rule 56.1(c), or her lawsuit would be dismissed without prejudice pursuant to Local Rule 5.5(c)(2).  (*Id*.  at 2.)

of material fact that Defendants Schulz, Rowlett, and Fryman did not violate her constitutional rights, for the following reasons.

First, the Court agrees with Defendants that they are entitled to sovereign immunity with respect to Plaintiff's monetary claims against them in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989); *Murphy v. State of Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997). The Court also agrees that Defendants are entitled to qualified immunity with respect to Plaintiff's monetary claims against them in their individual capacities, because Plaintiff's allegations do not establish the violation of a constitutional or statutory right.

Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.")

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right;

and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

First, Murphy's claims relating to the search of her cell does not support a Fourth Amendment claim.  As noted in Defendants' Statement of Undisputed Material Facts, on June 1, 2014, Defendants were required to search five random inmate cells as part of a daily assignment, and Plaintiff's cell was selected as one of those cells.  (Doc. No. 14 at 1.)  The Fourth Amendment does not protect an inmate from actions of prison officials in searching a cell within the prison.  *Hudson v. Palmer*, 468 U.S. 517, 526-28 (1984).   And, Plaintiff does state how the search was unconstitutional, or that Defendants unlawfully seized her property.  Even assuming her allegations are true - that Defendants threw her property on the floor during the search - she does not state a constitutional claim.

Next, Murphy's complaint about the cell search does not support an Eighth Amendment claim for relief based on allegedly unlawful conditions of confinement.  In order to support that claim, she must allege that the deprivation was sufficiently serious to deprive her of the "minimal civilized measures of life's necessities," and that Defendants acted with

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

deliberate indifference to her health and safety. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981)).  Plaintiff provides no allegation or evidence that after her personal items were tossed on the floor, she was not able to pick them up and return them to their place.  Therefore, there is no allegation or showing of a deprivation of the minimal civilized measures of life's necessities to support a constitutional violation.

Similarly, Plaintiff fails to support a constitutional claim with respect to the destruction of her diabetic snack.  Although Plaintiff claims that she could no longer eat the snack, she does not allege that she suffered harm or that it occurred more than one time. While inmates are ensured an adequate diet while in prison, the deprivation of one snack on one occasion does not rise to the level of an Eighth Amendment violation, especially absent an allegation of harm. *See Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982) (one meal per day for fifteen days provided sufficient nutrition to sustain normal health and did not violate the Eighth Amendment.)

Finally, Plaintiff's allegation that Defendants improperly filed a retaliatory disciplinary charge against her, does not support a constitutional claim, because she does not deny she committed the actions for which she was charged.  According to the undisputed facts, when Defendants arrived at Plaintiff's cell for the search on June 1, 2014, Plaintiff yelled, "Don't [expletive] mess up my stuff" at Defendant Schulz.  (Doc. No. 14 at 1.) Plaintiff also "was given several direct orders to be quiet and to stop using this language towards staff....[and] did not comply." (*Id.*)  Plaintiff was issued a disciplinary for insolence

to a staff member, use of abusive/obscene language, creating unnecessary noise, and failure to obey order of staff. (*Id.*) She attended a hearing on the disciplinary charge and was found guilty on all but the abusive language charge. (*Id*. at 2.)

"[N]o claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform," *Orebaugh v. Caspari*, 910 F.2d. 526, 628 (8th Cir. 1990). And, case law clearly provides that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Plaintiff admits in her complaint that she cursed at officer Schulz (Doc. No. 2, p. 6.); therefore, she admits "some evidence" existed to support the disciplinary charges and conviction, and cannot now claim that the disciplinary was constitutionally unlawful. Absent a Response and additional dispute of material facts from Plaintiff, the Court finds as a matter of law that Defendants are entitled to Summary Judgment.

Finally, Plaintiff's allegation against Defendant Schulz – that he conspired with another officer to convince the Unit physician to take away her wheelchair and cancel her physical therapy – is at issue in another lawsuit filed by Plaintiff. *Murphy v. Hughes*, 1:14CV00064-JM-JTK.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 12) be GRANTED, and Plaintiff's Complaint against Defendants be

DISMISSED with prejudice.[4]

DATED this 23rd day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4]Defendants ask the Court to issue a strike against Plaintiff.  (Doc. No. 12, p. 2.) Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal if they have, on three or more prior occasions (strikes) filed an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, absent an allegation of imminent danger of serious physical injury.  Having disposed of this action at the summary judgment stage and pursuant to qualified immunity, the Court declines to issue a "strike" against Plaintiff.